UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JESSE LISERIO and EMMA LISERIO,**

      **Plaintiffs,**

v.

**NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,**

      **Defendant.**

No.  SA-19-CV-01486-JKP

# ORDER

On this date, the Court considered Defendant, Newrez LLC d/b/a/ Shellpoint Mortgage Servicing's ("Shellpoint"), Motion to Dismiss for Failure to State a Claim. *ECF No. 6*. Plaintiffs Jesse Liserio and Emma Liserio ("the Liserios") did not respond to the motion. Upon consideration, the Court concludes Shellpoint's motion to dismiss has merit and shall be GRANTED.

# STANDARD

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Upon motion by a party, a case must be dismissed when the allegations asserted in the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting  Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009); *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Dismissal under Rule 12(b) (6) is proper not only when the plaintiff fails to plead sufficient facts to support a cognizable legal theory, but also when the plaintiff fails to allege a cognizable legal theory. *Kjellvander v. Citicorp*, 156 F.R.D. 138, 140 (S.D. Tx. 1994)(*citing Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991). "A complaint lacks an 'arguable basis in law' if it is based on an indisputably meritless legal theory or a violation of a legal interest that does not exist." *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, 260 F. Supp. 3d 738, 756 (S.D. Tx. 2017), *aff'd sub nom.*, 734 Fed. Appx. 916 (5th Cir. 2018)(*quoting Ross v. State of Texas*, Civ. A. No. H-10-2008, 2011 WL 5978029, at *8 (S.D. Tex. Nov. 29, 2011).

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## UNDERLYING FACTS

On October 31, 2019, the Liserios filed suit against Shellpoint in Texas state court. *ECF No. 1, Attachment #2*. The Liserios asserted a single cause of action for common law fraud and sought unspecified "actual damages" and injunctive relief to enjoin foreclosure of certain real property scheduled for November 5, 2019. *Id*. The state court granted the Liserio's *ex parte* re-

quest for Temporary Restraining Order on November 4, 2019, and set a hearing on the application. *ECF No. 1, Attachment #3*. This cause was removed to this Court on December 23, 2019. *ECF No. 1*.

As stated in the Original Petition, on September 19, 1997, the Liserios purchased specific residential real property, impliedly by executing a mortgage granting a lien against the real property to secure repayment. *ECF No. 1, Attachment #2*. At some point, Shellpoint became the loan servicing agent for the original mortgage lender. *Id.* The Liserios admit they got "behind on their mortgage payments." *Id.* The Liserios allege that in an attempt to work out the loan arrearage, they spoke with a Shellpoint employee who told them the property would not go into foreclosure if they "would submit documentation to modify the mortgage." *Id.* The Liserios assert they complied and submitted required documentation "with a promise made by [Shellpoint] to work towards modifying the mortgage"; however, "the attempt was unsuccessful." *Id*. Shellpoint proceeded to foreclose on their property, and on September 30, 2019, sent the Liserios a notice of trustee's sale for foreclosure of the property scheduled for November 5, 2019.  *Id.* The Liserios allege they secured a buyer for the property on October 14, 2019, then filed this action against Shellpoint on October 31, 2019, asserting a cause of action of common law fraud. *Id.*

## DISCUSSION

Construing the asserted facts in the light most favorable to the Liserios, as basis for their fraud cause of action, the Liserios allege Shellpoint made oral promises to delay or stay foreclosure proceedings but proceeded anyway. *Id*.  The Liserios assert Shellpoint represented to them the property would not be foreclosed upon if they submitted certain documentation; it promised "to work towards modifying the mortgage", and; this "representation . . . was material because that was not [Shellpoint's] intent." Two weeks after Shellpoint sent notice of foreclosure, the Li-

serios secured a buyer for the property. The Liserio's seek unspecified "actual damages" and temporary injunctive relief enjoining foreclosure of the property.

The statute of frauds requires that certain specified classes of contracts be in writing to be enforceable. Tex. Bus. & Com. Code § 26.01, 26.02; *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). As applied, the statute of frauds makes unenforceable any loan agreement in which the amount involved exceeds $50,000 that is not in writing and signed by the parties to be bound. Tex. Bus. & Com. Code § 26.02(b).[1] Significantly, when a modification relates to a matter that must be in writing, the modification also must be in writing. *Shatteen v. JPMorgan Chase Bank, Nat. Ass'n*, 2010 WL 4342073, at *7 (E.D. Tex. Sep. 30, 2010); *Deuley v. Chase Home Fin. LLC*, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006)(*citing Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)). As such, any agreement to modify any terms of a loan agreement must be made in writing. *Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984).

Therefore, the statute of frauds makes oral agreements unenforceable if they modify the terms of a loan agreement. *Dagher v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-3575-B, 2016 WL 4138631, at *4 (N.D. Tex. Aug. 4, 2016); *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 794 (N.D. Tex. 2013). As a modification to a loan agreement, any agreement to delay repayment of money and "an agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." Tex. Bus. & Com. Code § 26.02(a)(2); *Milton v. U.S. Bank, N.A.*, 508 F. App'x 326, 328-29 (5th Cir. 2013); *see also Doug-*

---

[1] Here, the loan documents are central to the Liserios' claim and are impliedly referenced in the Original Petition. Shellpoint attaches these documents to the Notice of Removal and the Motion to Dismiss. Therefore, this Court may review the loan documents pertinent to the loan agreement that is the subject of this action. *Collins*, 224 F.3d at 498-99. These documents show the original loan exceeded $50,000. *ECF Nos. 1,6*.

*las v. Wells Fargo Bank, N.A.*, No. 3:17-cv-2588-B, 2018 WL 3570097, at *2 (N.D. Tex. July 24, 2018).

However, the statute of frauds does not always preclude a fraud claim based upon an alleged oral agreement. In cases where a plaintiff alleges fraud based on an oral agreement and the fraud does not rely on the validity of the agreement itself, the statute of frauds does not bar the fraud claim. *Digby v. Tex. Bank,* 943 S.W.2d 914, 929 (Tex. App.-El Paso 1997, writ denied). On the other hand, the statute of frauds bars a fraud claim to the extent a plaintiff only seeks to recover as damages the benefit of a bargain that is otherwise unenforceable under the statute of frauds. *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2001); *see also Bagwell v. BBVA Compass*, 05-14-01579-CV, 2016 WL 3660403, at *4 (Tex. App.—Dallas July 7, 2016, no pet.).

To determine whether a fraud claim based upon an alleged oral agreement is valid, a court must look to the substance of the cause of action rather than the manner in which it was pleaded. That is, if the subject alleged contract is unenforceable under the statute of frauds, the plaintiff's fraud claim based upon the same alleged contract or facts must also fail. *Haase,* 62 S.W.3d at 799; *see also Traynor v. Chase Home Finance, LLC,* No. 3:11–cv–800–K, 2013 WL 704932, at *3 (N.D. Tex. Feb.27, 2013) (*citing Collins v. Allied Pharmacy Mgmt., Inc.,* 871 S.W.2d 929, 936 (Tex. App.-Houston [14th Dist.] 1994)). The statute of frauds, however, does not bar a fraud claim to the extent a party seeks reliance or out-of-pocket damages because such damages are not part of the benefit of the alleged bargain between the parties. *Balch v. JP Morgan Chase Bank, NA*, 3:14-CV-3666-M, 2015 WL 1592386, at *4 (N.D. Tex. Apr. 8, 2015); *Haase,* 62 S.W.3d at 799-800.

Here, to prove the elements of their alleged fraud cause of action, the Liserios must rely upon an alleged oral agreement to modify an existing loan agreement, or more specifically, to

delay foreclosure. Such an oral agreement to modify a loan agreement and any agreement to delay foreclosure are unenforceable by the statute of frauds. *See Bagwell*, 2016 WL 3660403, at *4. Therefore, to prove the elements of their fraud claim, the Liserios must rely upon an alleged oral agreement that is unenforceable pursuant to the statute of frauds.

To assert an independent fraud cause of action, the Liserios do not allege or attempt to show any out-of-pocket expenses incurred in reliance on Shellpoint's alleged fraudulent promise to delay foreclosure or to work to modify the loan agreement. In fact, the Liserios admit they did not secure a buyer for their property until two weeks after they received notice from Shellpoint of intent to foreclose. The Liserios do not allege or attempt to show Shellpoint agreed in writing to modify the loan agreement by delaying acceleration or delaying foreclosure sale.

For these reasons, after construing the asserted facts in the light most favorable to the Liserios, the Court concludes the Liserios complaint lacks an arguable basis in law because it is based on an indisputably meritless legal theory. *See Residents Against Flooding*, 260 F. Supp. 3d at 756.

The Liserios did not respond to Shellpoint's Motion to Dismiss for Failure to State a Claim, but have otherwise participated in the progression of the litigation.

## CONCLUSION

For the reasons cited, the Liserios cannot state a cognizable legal theory under which relief can be granted. Therefore, this Court concludes Shellpoint's Motion to Dismiss for Failure to State a Claim must be GRANTED.

This order disposes of all claims against all parties, and therefore, this cause is dismissed with prejudice. The Clerk is hereby ORDERED to enter a final clerk's judgment and close the case.

It is so ORDERED.
SIGNED this 23rd day of April, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE